FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

13 SEP 10 AM 10: 45

TAMPA, FLORIDA

KELSEY MORTON,

    Plaintiff,

v.

JPMORGAN CHASE
BANK, N.A.,

    Defendant.

_____/

CASE NO.: 8:13cv2341 T23 TGW

VERIFIED COMPLAINT FOR
UNLAWFUL COLLECTION
PRACTICES

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

Plaintiff Kelsey Morton, by and through undersigned counsel, sues JPMorgan Chase Bank, N.A.. and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

TRA-19261
$400

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4  Plaintiff Kelsey Morton ("Ms. Morton") is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2), and a person under 47 U.S.C. § 227 *et seq.*

5. Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"), does business in the State of Florida, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(3), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227 *et seq.*

6. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

7. Ms. Morton owed a debt to Chase in the approximate amount of $22,000 (the "Debt") before Ms. Morton became unable to pay that Debt.

8. On February 27, 2013, at 4:31 p.m., Chase called Ms. Morton's cell phone. Ms. Morton informed Chase that she was going through a divorce and that she was unable to pay the Debt. She also instructed Chase not to call her cell phone.

9. On April 2, 2013, at 9:05 a.m., Chase again called Ms. Morton's cell phone, despite being instructed not to call Ms. Morton's cell phone and despite being instructed that Ms. Morton could not pay the Debt. Ms. Morton further informed Chase that if it called her cell phone between 9:00 a.m. and 6:00 p.m., she risked losing her job because she uses her cell phone for work.

10. During that April 2, 2013 call, Ms. Morton again told Chase she could not pay the Debt due to her divorce and other issues.

11. On April 15, 2013, at 11:46 a.m., Chase called Ms. Morton's cell phone and left a voicemail, despite her instructions not to call her cell phone and despite Ms. Morton telling Chase she could not pay the Debt.

12. On May 1, 2013, at 7:13 p.m., Chase again called Ms. Morton's cell phone despite her instructions not to call her cell phone and despite Ms. Morton telling Chase she could not pay the Debt. Ms. Morton also again explained that she was unable to pay the Debt. Ms. Morton offered to pay $100 per month on the Debt; Chase refused to accept the payment and told Ms. Morton she was not eligible for any hardship or deferment programs.

13. On May 14, 2013, at 5:13 p.m., Chase called Ms. Morton's cell phone and left a voicemail, despite her instructions not to call her cell phone and despite Ms. Morton telling Chase she could not pay the Debt.

14. On May 20, 2013, at 5:37 p.m., Chase called Ms. Morton's cell phone and left a voicemail, despite her instructions not to call her cell phone and despite Ms. Morton telling Chase she could not pay the Debt.

15. On May 22, 2013, at 5:12 p.m., Chase called Ms. Morton's cell phone despite her instructions not to call her cell phone and despite Ms. Morton telling Chase she could not pay the Debt.

16. On June 3, 2013, Chase again called Ms. Morton's cell phone despite her instructions not to call her cell phone and despite Ms. Morton telling Chase she could not pay the Debt. Ms. Morton again informed Chase not to call her. Chase misrepresented the law by telling Ms. Morton that she was required to send a letter within 10 days of her verbal request to stop communication before Chase would actually stop communicating with her.

17. On June 4, 2013, Ms. Morton sent Chase a letter (the "Cease and Desist Letter") "demanding that all communication from Chase stop immediately." Ms. Morton explained that her demand included "letters, e-mails, and phone calls." That Cease and Desist Letter also reiterates that Ms. Morton has told Chase on numerous occasions not to call her and that she could not pay the Debt. A copy of the Cease and Desist Letter is attached as Exhibit "A".

18. Despite Ms. Morton's instruction, on June 14, 2013, Chase sent Ms. Morton a letter explaining that "[f]or legal reasons, we are unable to cease all mailed correspondence."

19. The purpose of each call from Chase was to collect the Debt. After Ms. Morton told Chase she could not pay the Debt, there was no legitimate business purpose to continuing to call her and such calls were made only for purposes of harassment.

20. Chase made at least ten (10) calls to Plaintiff's cell phone without Plaintiff's consent using an automated dialer system. The list of calls from Chase alleged above is non-exhaustive and does not include every attempt (successful or not) to communicate with Ms. Morton by telephone.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT CHASE

21. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

22. Plaintiff re-alleges and incorporate paragraphs 1 through 20, as if fully set forth herein.

23. Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

24. The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

25. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

26. Through the conduct described in paragraphs 7 - 12 above, Defendant violated the following provisions of the FCCPA:

27. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

28. Defendant violated the above sections of the FCCPA when Defendant: (1) willfully abused Plaintiff by repeatedly violating Plaintiff's instructions not call her before 6:00 p.m., which created a risk that Plaintiff could get fired from her job based on Defendant's

repeated telephone calls; (2) willfully abused Plaintiff by repeatedly calling her after she explained she could not pay the Debt, when there was no legitimate reason to continue calling Plaintiff except for purposes of harassment; (3) willfully abused Plaintiff by misrepresenting the law by stating Plaintiff was required to send a letter within a certain time period to have Defendant cease communications; (4) willfully abused Plaintiff by misrepresenting the law by stating that it was required by law to continue communicating with Plaintiff despite her instructions to cease all communications; and (5) asserted the right to violate the TCPA by making numerous collection calls to Plaintiff's cell phone without Plaintiff's express consent, using an automated dialing system.

29. All conditions precedent to this action have occurred, have been satisfied or have been waived.

30. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Chase is liable to Plaintiff for her actual damages, statutory damages, and reasonable attorney's fees and costs.

31. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Chase, finding that Chase violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## **COUNT II**

### **VIOLATION OF THE TCPA BY DEFENDANT CHASE**

32.     This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

33.     Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

34.     Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

35.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

36.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed numerous calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

37. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

38. All conditions precedent to this action have occurred, have been satisfied or have been waived.

39. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

40. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: September 10, 2013

Respectfully Submitted,

**CENTRONE & SHRADER, LLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax: (813) 336-0832

_____
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorneys for Plaintiff

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF,
**KELSEY MORTON**

I, Kelsey Morton, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Kelsey Morton*
Kelsey Morton